UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL STEAMSHIP AGENCIES, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> SEA BRIDGE PROJECTS, INC., <br><br> Defendant(s). | No. C05-3207 SBA (BZ) <br><br> **ORDER SCHEDULING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

TO ALL PARTIES AND COUNSEL OF RECORD:

By order dated May 2, 2006, the above matter was referred to Magistrate Judge Bernard Zimmerman to issue a report and recommendation regarding plaintiff's motion for default judgment.  **IT IS HEREBY ORDERED** that pursuant to plaintiff's notice of motion and Rule 55(b)(2) of the Federal Civil Rules of Civil Procedure, a hearing on plaintiff's motion for default judgment is set for **Wednesday, June 7, 2006**, **at 10:00 a.m.** in Courtroom G, 15th Floor, Federal Building, San Francisco, California, 94102.

Plaintiff states that at the hearing it will present

proof that it is entitled to $161,295.94 in damages, that defendant has not appeared in this action and that defendant is not an infant or incompetent person or in military service or otherwise exempted from 50 App. U.S.C. § 501 et seq. of the Servicemembers' Civil Relief Act (the "Act").  Compliance with the Act may not be satisfied on information and belief.  <u>See</u> 50 App. U.S.C. § 521(b)(1); <u>United States v. Simmons</u>, 508 F.Supp. 552 (E.D. Tenn. 1980)(interpreting 50 App. U.S.C. § 520(1), predecessor to 50 App. U.S.C. § 521(b)(1)).  The public website <u>https://www.dmdc.osd.mil/scra/owa/home</u> provides the current active military status of an individual and has instructions on obtaining certificates of service or non-service under the Act.

  Plaintiff should be prepared to prove its damages by competent testimony or other admissible evidence.  If plaintiff intends to prove damages by affidavits or declarations, the affiant or declarant should have personal knowledge of all matters to which she testifies.  For all evidence, proper foundations must be established.  For an explanation of the evidentiary requirements for proving damages in a default case, the parties are encouraged to consult Chapter Six of <u>Civil Procedure Before Trial</u> by William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe.

  Defendant should attend the hearing if it contests the validity or amount of plaintiff's claim.  Seven days before the hearing, on **Wednesday, May 31, 2006**, plaintiff shall file a declaration setting forth in detail all steps taken to serve

defendant with notice of this hearing.[1]

Dated:  May 5, 2006

                                          /s/ Bernard Zimmerman
                                          Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-REFS\GSA\DEFJUDG.SCH.ORD.wpd

---

[1] Plaintiff claims that defendant is not entitled to notice of the hearing.  Some circuits have ruled that the three days' notice required by Fed. R. Civ. P. 55(b)(2) only applies to parties that have appeared. See Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc., 925 F.2d 226, 231 (7th Cir. 1991)("In this case no appearance in district court was made by Anderson prior to entry of the default judgment and no notice was due Anderson under Rule 55(b)(2)."); Taylor v. Boston and Taunton Transp. Co., 720 F.2d 731, 733 (1st Cir. 1983)("Taylor was not required to give B & T notice of its application for judgment . . . because B & T had not entered an appearance.").  The Ninth Circuit, however, has not adopted such a rule and suggests that "due process . . . requires notice and an opportunity to be heard . . . before a deprivation of a property interest." Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999).  Therefore, the court will require plaintiff to give notice of the hearing to defendant.

3