UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL STEAMSHIP AGENCIES, INC., <br><br>  Plaintiff(s), <br><br> v. <br><br> SEA BRIDGE PROJECTS, INC., <br><br>  Defendant(s). | No. C05-3207 SBA (BZ) <br><br> **REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

By order dated May 2, 2006, the Honorable Saundra Brown Armstrong referred to me this motion for default judgment for a report and recommendation.  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, I set a hearing and ordered plaintiff General Steamship Agencies, Inc. ("GSA") to serve a copy of the scheduling order on defendant Sea Bridge Projects, Inc.,[1] which plaintiff did on May 16, 2006 [docket # 28]. Defendant has not responded to the motion for default

---

[1] Plaintiff included Sea Bridge Marine, Inc. ("SB Marine") as a defendant in its complaint, and the Clerk of this court entered default as to SB Marine, but plaintiff has since dismissed SB Marine.  Mot. 3:3-10.

G:\BZALL\-REFS\GSA\DEFJUDG.GRANT.ORD.wpd  1

1  judgment.  After a hearing on June 7, 2006, plaintiff
2  requested a continuance to allow its president Scott Jones to
3  testify and offer additional evidence.  A further hearing was
4  held on August 16, 2006.
5      Plaintiff requests a default judgment in its favor of
6  $161,295.94, and for the reasons below, I recommend that its
7  request be granted.
8      On August 8, 2005, plaintiff, a vessel husbanding agent
9  which provides services to ocean vessels, filed its complaint
10 against defendant, alleging breach of contract and other
11 related causes of action.  On August 10, 2005, plaintiff
12 served defendant by serving defendant's corporate secretary,
13 leaving copies of the complaint, summons and relevant
14 documents with the administrative manager and subsequently
15 mailing copies [docket # 8].  Defendant failed to answer the
16 complaint or otherwise defend the action, and on October 19,
17 2005, upon plaintiff's request, the Clerk of this court
18 entered defendant's default under Rule 55(a).  By its default,
19 defendant is deemed to have admitted the well-pleaded
20 averments of the complaint except those as to the amount of
21 damages.  See Fed. R. Civ. P. 8(d); TeleVideo Systems, Inc. v.
22 Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987)(stating that
23 upon default, the factual allegations of the complaint will be
24 taken as true); Geddes v. United Financial Group, 559 F.2d
25 557, 560 (9th Cir. 1977).
26     Defendant engaged plaintiff to provide vessel husbanding
27 services and to act as its agent to engage the services of
28 third parties pursuant to the terms and conditions of the

G:\BZALL\-REFS\GSA\DEFJUDG.GRANT.ORD.wpd   2

1  Schedule of Fees for Vessel Husbandry (the "Schedule")
2  attached as Exhibit A to the complaint.  Compl. ¶¶ 7-9, Exh.
3  A.  The Schedule lists fees for various services, including
4  crew charges, processing fines or charges and supervisory and
5  husbanding services.  Defendant also agreed to "remit funds
6  requested to cover estimated disbursements prior to vessel
7  arrival" and reimburse plaintiff for actual expenses incurred
8  in relation to the vessels' call.  Compl., Exh. A ¶ 1.  In the
9  Schedule, defendant also authorized plaintiff to agree to
10 customary terms and provisions on its behalf.  Id. at ¶ 3.
11 The complaint alleges that defendant breached the contract by
12 failing to pay the amounts due to plaintiff for services
13 rendered and funds advanced to third parties on behalf of
14 defendant and amounts due to third parties whom plaintiff
15 retained on behalf of defendant.  Compl. ¶ 10.  The complaint
16 does not include any specific amounts of damages or losses
17 suffered by plaintiff, instead praying for judgment according
18 to proof, together with prejudgment interest, costs of suit
19 and other expenses incurred.  Compl., Prayer.
20      Pursuant to Rule 55(b)(2), the court, in its discretion,
21 may enter a default judgment against a party against whom
22 default has been entered.  Eitel v. McCool, 782 F.2d 1470,
23 1471 (9th Cir. 1986).  Liability having been established on
24 default, the remaining issue on default judgment is the relief
25 available to plaintiff.
26      Plaintiff has the burden of proving damages through
27 testimony or written affidavit.  To prove damages, plaintiff
28 has submitted a declaration from its president, Scott Jones,

1  with an attached spreadsheet, showing figures as of October
2  17, 2005, which Mr. Jones avers has been prepared by GSA in
3  the ordinary course of business and accurately reflects the
4  total amount defendant owes GSA.  Jones Decl. ¶ 7.  Mr. Jones
5  further avers that the requested amount includes plaintiff's
6  fees for agency services, plaintiff's out of pocket charges to
7  third parties and third party invoices on hold, which
8  plaintiff is being requested to pay.  Id.  A total amount of
9  $144,853.26 is out of pocket, and a total amount of $16,442.68
10 is the subject of invoices on hold.  Plaintiff claims that all
11 services were customary and necessary to the operation of the
12 vessel.
13     At the hearing on August 16, 2006, Mr. Jones confirmed
14 that the amounts are still outstanding, and that defendant has
15 not contacted or paid plaintiff since receiving the
16 spreadsheet of outstanding charges.  Mr. Jones directed the
17 creation of the spreadsheet, and he testified as to its
18 accuracy.  Plaintiff also submitted supplemental evidence in
19 the form of invoices and bills detailing charges such as
20 customs and user fees; crew lodging, meals and bonuses; and
21 copying, postage and phone costs.  Suppl. Evidence, Exhs. D,
22 H, J, N.  Mr. Jones testified that these are true and accurate
23 records and are maintained in the ordinary course of business.
24 These invoices document plaintiff's damages and support an
25 entry of default judgment in its favor.  See Oy Saimaa Lines
26 Logistics Ltd. v. Mozaica-New York, Inc., 193 F.R.D. 87, 89
27 (E.D. N.Y. 2000)(deeming declaration with accompanying
28 detailed list of services, copies of actual invoices and a

1  signed and itemized Bill of Costs as sufficient documentary
2  proof regarding damages); <u>Envirosure Management Corp. v.
3  Hydrocarbon Refining Corp.</u>, 1989 WL 98773, at * 1 (W.D. N.Y.
4  Aug. 23, 1989)(plaintiff submitted an affidavit and copies of
5  three invoices which together totaled the requested unpaid
6  amount).  Finally, Mr. Jones testified that all of the charges
7  represented on the spreadsheet and in the invoices were by
8  defendant Sea Bridge Projects, Inc. and not Sea Bridge Marine,
9  Inc.
10      Plaintiff has provided sufficient proof as to its
11 damages, and I recommend that plaintiff's motion for default
12 judgment in the requested amount of $161,295.94 be granted.
13 Dated:   August 16, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\GSA\DEFJUDG.GRANT.ORD.wpd